WILLIAMS, Judge.
Simon P. Smith died while a patient in Lincoln Park Nursing Home. Someone from the nursing home notified Hunt’s Golden State Funeral Parlor of Smith’s death. John T. Hunt, d/b/a Hunt’s Golden State Funeral Parlor took charge of the body for purposes of interment. This suit was brought by Hunt against deceased’s daughter, Irma Howard, for an alleged balance due of $314.60 in funeral expenses. Irma Howard filed an answer in the form of a general denial. After trial, the district court held for defendant, stating plaintiff failed to bear his burden of proof. From this judgment plaintiff perfected this appeal.
The evidence disclosed the total funeral bill was $1,005 of which $250 was credited from burial insurance and $440.40 from the Railroad Retirement Board.
Hunt testified Irma Howard chose the funeral arrangements for her father and agreed to pay any balance after the credits applied.
Mrs. Leatrice Dunne Morrison, an employee of the funeral parlor, testified defendant came by a week or more after Smith’s interment- and stated she would pay the balance on her father’s funeral bill. There was no written agreement.
Irma Howard denied making any arrangements for the type of funeral her fa *865 ther had, and further, that Hunt advised her the burial insurance and Railroad Retirement Board payments would cover all funeral expenses.
The funeral expenses are a debt of the estate of decedent, Simon P. Smith. Maggio v. Papa, 206 La. 38, 18 So.2d 645 (1944). The promise to pay the debt of a third party must be in writing. LSA-C.C. Art. 2278(3).
The trial court found plaintiff failed to prove by a preponderance of the evidence that Irma Howard agreed to become primarily responsible for the debt. The record supports this conclusion.
The judgment of the trial court is affirmed and all costs cast on plaintiff-appellant.
Affirmed.